# LAMBERT PHARMACAL COMPANY *v.* MENTHO-LISTINE CHEMICAL COMPANY.

### TRADEMARKS; SIMILARITY OF WORDS.

1. Where there is doubt as to whether a word for which registration is sought as a trademark is deceptively similar to a word already registered and applied to the same class of goods, the doubt will be resolved in favor of the protection of the public.

2. The word "Mentho-Listine" as applied to mouth wash and tooth powder is so deceptively similar to the word "Listerine," used on the same class of goods by a prior registrant, as not to be registerable. (Citing *Re Barrett Mfg. Co.* 37 App. D. C. 111.)

No. 1120.   Patent Appeals.   Submitted November 15, 1917.   Decided December 3, 1917.

HEARING on an appeal from a decision of the Commissioner of Patents dismissing an opposition to the registration of a word as a trademark.                    *Reversed.*

The facts are stated in the opinion.

*Mr. George Ramsey, Mr. John H. Drabelle,* and *Mr. George P. Burleigh* for the appellant.

*Mr. Percy H. Moore* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:.

The Mentho-Listine Chemical Company, of Houston, Texas, applied for the registration of the word "Mentho-Listine" as a trademark for mouth wash and tooth powder. Opposition to the registration was interposed by the Lambert Pharmacal Company, a Missouri corporation, on the ground that it is the owner of a registered trademark consisting of the word "Listerine," which it has used as a trademark for tooth powder since 1881, and "that there is such a similarity between the words 'Listerine' and 'Mentho-Listine' that it is calculated to confuse the ordinary purchaser." From an order of the Commissioner of Patents dismissing the opposition and adjudging applicant's mark entitled to registration, this appeal was taken.

It is agreed that the goods on which the marks are used are the same, and that the only question before the court is whether the marks are so similar as to be liable to create confusion in trade. Passing over the possible nonregisterability of the mark because it is the name of the applicant company, we will dispose of the case on the single question of the deceptive similarity of the marks. The case is ruled by *Re Barrett Mfg. Co.* 37 App. D. C. 111, where the word "Creo-Carbolin" was held to be deceptively similar to the word "Carbolineum." It was there held that the prefix "Creo" did not render the marks dissimilar, and the same is here true of the prefix "Mentho." Besides, there would be nothing to control the manner in which the prefix might be printed so as to give especial prominence to the word "Listine." Where there is doubt it should be resolved in favor of the protection of the public. As was said in the case of *Lambert Pharmacal Co.* v. *Bolton Chemical Corp.* 219 Fed. 325, where the court was considering whether the trademark "Listogen" was deceptively similar to "Listerine:" "Of course, the burden of proof always rests upon the moving party, but having shown the adoption of a similar tradename, arbitrary in character, I cannot see why speculation as to the chance that it will cause confusion should be at the expense of the man first in the field. He has a right to insist that others in making

up their arbitrary names should so certainly keep away from his customers as to raise no question."

The decision of the Commissioner of Patents is reversed, and the clerk is directed to certify these proceedings as by law required.                             *Reversed.*